PETITION FOR REVIEW DENIED ON AUGUST 15, 2023
MANDATE ISSUED ON OCTOBER 10, 2023

No. 22-1054

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

PACIFIC NETWORKS CORP. and COMNET (USA), LLC,

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents.*

On Petition for Review of an Order of
the Federal Communications Commission

**RESPONDENTS' RESPONSE TO ORDER TO SHOW CAUSE
WHY THE RECORD SHOULD NOT BE UNSEALED**

The Federal Communications Commission and the United States of America hereby respond to the Court's order to show cause why the sealed portions of the record in this case should not be unsealed. Under the Trade Secrets Act, federal agencies are required to protect confidential business information provided to them in an official proceeding unless disclosure is authorized by law. 18 U.S.C. § 1905; *see Chrysler Corp. v. Brown*, 441 U.S. 281, 294–312 (1979). Accordingly, FCC

regulations permit parties to request confidential treatment of specific commercial, financial, or other privileged information by providing a statement detailing the reasons why confidentiality is warranted. 47 C.F.R. § 0.459(b); *see also id.* § 0.457(d). Upon receiving a request for confidential treatment, the agency may rule on the request or may wait until it receives a request for public disclosure of the information, and the information will be kept under seal until any confidentiality request has been fully adjudicated. *Id.* §§ 0.459(d), 0.461(d)(3) & (i)–(*l*).

The sealed portions of the record in this case involve information that Pacific Networks and ComNet submitted to the agency with accompanying requests for confidential treatment. The requests for confidential treatment stated that the redacted material "includes sensitive business, customer and personal information" and "communications between federal law enforcement agencies and the Companies," and the Companies explained why they believe this material constitutes confidential business information that is protected from public disclosure.\* The FCC's rules accordingly provide that "[t]he

---

\*  Request for Confidential Treatment (Jan. 12, 2022), https://perma.cc/8NWU-MEC8; Request for Confidential Treatment (Apr. 28, 2021), https://perma.cc/2K44-5QHS; Request for Confidential Treatment (June 1, 2020), https://perma.cc/CFQ3-WWBR (all filed with the FCC in GN Docket No. 20-111).

information will be accorded confidential treatment * * * until the Commission acts on the confidentiality request[s] and all subsequent appeal and stay proceedings have been exhausted." 47 C.F.R. § 0.459(d)(3).

No person has asked the agency to disclose or unseal the redacted material, *cf.* 47 C.F.R. § 0.461 (establishing process for seeking public disclosure of records held by the FCC), so the agency has not examined the Companies' asserted basis for confidential treatment or determined whether disclosure might nonetheless be authorized by law.† The material therefore remains presumptively sealed before the agency.

Because the redacted portions of the record currently remain under seal before the agency, the government has continued to maintain that material under seal in this Court. *See* D.C. Cir. R. 47.1(a). The government takes no position on whether it would be appropriate for the Court to unseal any portion of the record it has relied on in reaching its decision.

---

† Government counsel cannot prejudge how the Commission might rule if someone requested copies of the unredacted documents and challenged their asserted confidentiality; the agency would be required to conduct an appropriate administrative proceeding to adjudicate that dispute, and that proceeding would then be subject to judicial review. *See Chrysler Corp.*, 441 U.S. at 317–19; 47 C.F.R. § 0.461(d)(3) & (i)–(*l*).

Dated: December 13, 2023	Respectfully submitted,

/s/ *Scott M. Noveck*

P. Michele Ellison
  *General Counsel*

Jacob M. Lewis
  *Deputy General Counsel*

Brian M. Boynton	Sarah E. Citrin
  *Principal Deputy Assistant*	  *Deputy Associate General Counsel*
    *Attorney General*
	Scott M. Noveck
Sharon Swingle	  *Counsel*
Casen B. Ross
  *Attorneys*	FEDERAL COMMUNICATIONS
	  COMMISSION
U.S. DEPARTMENT OF JUSTICE	45 L Street NE
CIVIL DIVISION, APPELLATE STAFF	Washington, DC 20554
950 Pennsylvania Ave. NW	(202) 418-1740
Washington, DC 20530	fcclitigation@fcc.gov

*Counsel for Respondent*	*Counsel for Respondent Federal*
  *United States of America*‡	  *Communications Commission*

---

‡   Filed with consent pursuant to D.C. Circuit Rule 32(a)(2).

- 4 -

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) and this Court's Order of October 11, 2023, because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1):

    ☒ this document contains <u>493</u> words, *or*

    ☐ this document uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

　　　　　　　　　　　　　　　　/s/ *Scott M. Noveck*
　　　　　　　　　　　　　　　　Scott M. Noveck
　　　　　　　　　　　　　　　　*Counsel for Respondents*